## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **BRIDGET BROWN PARSON,** | § | |
| **Appellant,** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 3:18-CV-0813-G-BK** |
| | § | |
| **UNKNOWN,** | § | |
| **Appellee.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636 and Senior District Judge A. Joe Fish's *Order of Reference*,

Doc. 4, Appellant's *Notice and Motion to Vacate Order of Dismissal of Her Cases Due to*

*Inability to Pay Cost in Which her Application was Approved in Another US District Case No.*

*3:18-CV-00835*, Doc. 3, is now before the Court.  As detailed below, Plaintiff's motion should

be **DENIED**.

On March 26, 2018, Appellant filed a notice of appeal, Doc. 1-1 at 3, from the Northern

District of Texas Bankruptcy Court's order dated March 21, 2018, which denied Appellant's

*Motion to Continue Hearing Originally Set on February 12, 2108*.  Doc. 1-1 at 6-10.  On March

30, 2018, the bankruptcy judge denied Appellant's request to proceed on appeal without payment

of the filing fee, Doc. 1-2.  On April 3, 2018, the bankruptcy clerk transmitted the notice of

appeal to this Court, noting that it was deficient under Rule 8009 of the Federal Rules of

Bankruptcy Procedure because, *inter alia*, Plaintiff had not paid the $298.00 appellate filing fee.

Doc. 1 at 1.  On May 11, 2018, noting that Appellant still had not remitted the filing fee, District

Judge Fish dismissed Plaintiff's appeal for failure to pay the fee.  Doc. 2.  This motion followed.

Doc. 3.

As Appellant filed this motion within 28 days of the entry of the order dismissing her case, the Court construes it as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003) (holding that post-judgment motions filed within the then-applicable 10-day filing period for Rule 59(e) motions must be construed as filed pursuant to Rule 59(e)).

A Rule 59(e) motion "calls into question the correctness of a judgment" and is not the proper vehicle to either rehash evidence or legal theories that were previously raised or raise arguments that could have been offered earlier. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (quotations omitted). A motion to alter or amend a judgment pursuant to Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Id.* at 479.

By her motion, Appellant merely avers that she is entitled to *in forma pauperis* status in this case because her application for such status was granted in a different case. Doc. 3. Notwithstanding the fact that she offers no legal support for her position, Appellant has failed in her burden to demonstrate a manifest error of law or fact or newly discovered evidence sufficient that would warrant granting her motion. *See Templet*, 367 F.3d at 479. As such, the Court should decline to vacate the order dismissing Appellant's case. Appellant's *Notice and Motion to Vacate Order of Dismissal of Her Cases Due to Inability to Pay Cost in Which her*

*Application was Approved in Another US District Case No. 3:18-CV-00835*, Doc. 3, should be

**DENIED**.

      **SO RECOMMENDED** on May 30, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE